1  M. JOHN CARSON CA Bar No. 25090
     jcarson@foley.com
2  FOLEY & LARDNER LLP
   ATTORNEYS AT LAW
   555 SOUTH FLOWER STREET, SUITE 3500
3  LOS ANGELES, CA 90071-2411
   TELEPHONE:  213.972.4500
   FACSIMILE:   213.486.0065
4
   Attorneys for Plaintiff THE WINSFORD CORPORATION



FILED
CLERK U.S. DISTRICT COURT

APR 1 7 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

7        UNITED STATES DISTRICT COURT

8        CENTRAL DISTRICT OF CALIFORNIA

CV12-03343 RSWL (PJW

10  THE WINSFORD CORPORATION         Case No.:**

11          Plaintiff,               COMPLAINT FOR INJUNCTIVE RELIEF
                                     AND DAMAGES FOR:
12      v.
                                     (1) FEDERAL TRADEMARK
13  CENTRAL SPECIALTIES LTD              INFRINGEMENT
                                         [15 U.S.C. § 1114];
14          Defendant.               (2) FALSE DESIGNATION OF ORIGIN
                                         [15 U.S.C. § 1125(a)];
15                                   (3) UNFAIR COMPETITION
                                         [Cal. Bus. & Prof. Code
16                                       § 17203];
                                     (4) FALSE ADVERTISING
17                                       [Cal. Bus. & Prof. Code
                                         § 17500];
18                                   (5) INFRINGEMENT OF REGISTERED
                                         TRADEMARK
19                                       [Cal. Bus. & Prof. Code
                                         §§ 14320 and 14335];
20                                   (6) TRADEMARK DILUTION
                                         [Cal. Bus. & Prof. Code
21                                       § 14330]; and
                                     (7) INTENTIONAL INTERFERENCE
22                                       WITH EXISTING AND
                                         PROSPECTIVE BUSINESS
23                                       RELATIONS
                                     (8) COMMON LAW TRADEMARK
24                                       INFRINGEMENT AND UNFAIR
                                         COMPETITION)
25
                                     DEMAND FOR JURY TRIAL
26

27

28

COPY

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES FOR FEDERAL TRADEMARK INFRINGEMENT, FALSE DESIG.
OF ORIGIN, UNFAIR COMPETITION, FALSE ADVERTISING, INFRIN. OF REGISTERED TM, TRADEMARK DILUTION, ETC.
                                     CV _____

## JURISDICTION AND VENUE

1.    This Court has subject matter jurisdiction over this action pursuant to Section 39 of the Federal Trademark Act, 15 U.S.C. § 1121, and the Judicial Code, 28 U.S.C. §§ 1331 and 1338. Additionally, this Court has jurisdiction pursuant to 28 U.S.C. § 1332, as this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. Finally, the Court has supplemental jurisdiction over Plaintiff's claims for Unfair Competition, False Advertising, Infringement of Registered Trademark, Trademark Dilution and Intentional Interference with Existing and Prospective Business Relations, in that these claims arise out of the same transactions and occurrences. The claims alleged herein arise under Section 43(a) of the Federal Trademark Act of 1946, as amended (commonly known as the "Lanham Act," 15 U.S.C. §§ 1051, *et seq.*), California Business and Professions Code Sections 14000, *et seq.*, California Business and Professions Code Sections 17200, *et seq.*, California Business and Professions Code Sections 17500, *et seq.*, California Business and Professions Code Sections 14320, 14330 and 14335, and the common law.

2.    Venue is proper in this judicial district under 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES FOR FEDERAL TRADEMARK INFRINGEMENT, FALSE DESIG.
OF ORIGIN, UNFAIR COMPETITION, FALSE ADVERTISING, INFRIN. OF REGISTERED TM, TRADEMARK DILUTION, ETC.
CV

4831-1463-5535.3

**PARTIES**

3.   Plaintiff The Winsford Corporation ("Plaintiff" "Winsford") is a California corporation organized and existing under the laws of the State of California, having a principal place of business at 1800 Century Park East, Suite 820, Los Angeles, California 90067.  Forbes Industries, Inc. ("Forbes") is an operating division of Winsford and is located at 1933 East Locust Street, Ontario, California 91761.

4.   Plaintiff is informed and believes, and upon that basis alleges, that defendant Central Specialties LTD ("Defendant" "CSL") is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in Crystal Lake, Illinois.

**GENERAL ALLEGATIONS**

5.   For many years prior to the acts complained of herein, Plaintiff has been continuously engaged in and has been well known for its manufacture, distribution and sale, throughout the United States, of a broad list of high quality hotel equipment.

6.   At least as early as 1983, Forbes adopted and commenced use of a "birdcage" design trademark for the upper portion of its brass bellmans' carts (hereinafter referred to as the "Birdcage Design"). Forbes continuously manufactured and sold carts utilizing the Birdcage Design up to the date of the acquisition of Forbes by Winsford in April, 1985. Winsford has manufactured and sold such carts to the present date. Plaintiff currently uses its Birdcage Design mark for goods sold in interstate commerce.

7.    Plaintiff's Birdcage Design is inherently distinctive and nonfunctional. Unlike the traditionally shaped bellmans' carts, the upper portion of Plaintiff's bellmans' cart is curved to resemble the dome of a traditional birdcage.

8.    Winsford and Forbes have sold substantial quantities of the Birdcage Design brass bellmans' carts throughout the United States. Plaintiff has extensively promoted the Birdcage Design carts by distributing thousands of catalogs depicting the Birdcage Design cart. Those catalogs have been distributed to major hotels, independent distributors and design houses.

9.    Plaintiff also attaches labels bearing the Birdcage Design mark to its shipping cartons containing these carts, to promote its Birdcage Design trademark and to identify its Birdcage Design brass bellmans' carts as originating from a single source.

10.    As a result of Plaintiff's extensive and substantial promotion and sales activities, and the maintenance of premium quality standards relating thereto, Plaintiff's Birdcage Design mark has become well and favorably known to purchasers as a distinctive indicator of the origin of such carts.

11.    Plaintiff is the owner of the Birdcage Design trademark and United States Trademark Registration No. 1,682,820. A true and correct copy of Plaintiff's trademark registration of its Birdcage Design on the Principal Register of the United States Patent and Trademark Office, Reg. No.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES FOR FEDERAL TRADEMARK INFRINGEMENT, FALSE DESIG.
OF ORIGIN, UNFAIR COMPETITION, FALSE ADVERTISING, INFRIN. OF REGISTERED TM, TRADEMARK DILUTION, ETC.
CV _____

4831-1463-5535.3

1   1,682,820, is attached hereto as Exhibit "A."

2        12.   Plaintiff is also the owner of California

3   Trademark Reg. No. 090,138 for the Birdcage Design. A true and

4   correct copy of the Certificate of Registration of Trademark

5   with the Office of the Secretary of State for the State of

6   California Trademark Reg. No. 090,138, is attached hereto as

7   Exhibit "B."

8        13.   Plaintiff is informed and believes, and upon that

9   basis alleges, that despite Plaintiff's prior established rights

10  in the Birdcage Design trademark, defendant CSL has begun:

11       a)   marketing and selling bellmans' carts of two

12            different designs (see Para. 14, below) that are

13            substantially indistinguishable from or

14            confusingly similar to Plaintiff's Birdcage

15            Design cart and trademark;

16       b)   distributing marketing and other advertising

17            materials that depict such carts; and

18       c)   informing potential buyers and others in the

19            hotel equipment industry of the availability of

20            carts specifically designed to duplicate

21            Plaintiff's distinctive Birdcage Design.

22       14.   Defendant advertises two different designs of

23  infringing bellmans' carts for sale on its website, identified

24  as follows:

25       a)   The "Sphere Design," as shown in Exhibit "C"

26            attached hereto, which is substantially

27            indistinguishable from, or, at a minimum,

28

4831-1463-5535.3

confusingly similar to, the Birdcage Design; and

b)   The "Diamond Design," as shown in Exhibit "D" attached hereto, which is confusingly similar to the Birdcage Design.

15.   Plaintiff is informed and believes, and upon that basis alleges, that unless enjoined by this Court, Defendant will continue to sell its substantially indistinguishable or confusingly similar bellmans' carts into these locations in California, in direct and unfair competition with Plaintiff.

16.   On February 24, 2012, counsel for Plaintiff wrote to CSL, informing them of Plaintiff's trademark rights in the Birdcage Design and demanding that Defendant cease and desist from infringing Plaintiff's Birdcage Design trademark within ten days.

17.   On March 9, 2012, counsel for Defendants wrote in response to Plaintiffs letter of February 24, 2012, denying any culpability or infringement, and offered only to phase out the substantially indistinguishable Sphere Design bellmans' carts within six months.

## FIRST CLAIM FOR RELIEF

(Federal Trademark Counterfeiting and Infringement)

[15 U.S.C. § 1114]

18.   Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 17 as though fully set forth herein.

19.   The activities of Defendant complained of herein are likely to cause confusion, or to cause mistake, or to

deceive and therefore violate Plaintiff's federally registered trademark rights in Plaintiff's Birdcage Design, rendering Defendant liable for trademark counterfeiting and infringement pursuant to 15 U.S.C. § 1114(1).

20.   Plaintiff is informed and believes, and upon that basis alleges, that Defendant had actual knowledge of Plaintiff's prior use and exclusive rights in its Birdcage Design trademark when Defendant began selling and marketing its line of bellmans' carts that were, and are, substantially indistinguishable from or confusingly similar to Plaintiff's Birdcage Design cart.  Accordingly, Defendant has willfully and deliberately infringed Plaintiff's exclusive rights in Plaintiff's trademark, thereby rendering Defendant liable to Plaintiff for Defendant's profits, Plaintiff's costs of this action and Plaintiff's trebled damages, pursuant to 15 U.S.C. § 1117(a).  Further, Defendant has willfully and deliberately counterfeited Plaintiff's trademark, thereby rendering Defendant liable to Plaintiff for up to $2,000,000.00, pursuant to 15 U.S.C. § 1117(c)(2).

21.   Unless enjoined by this Court, Defendants will continue to counterfeit and infringe Plaintiff's Birdcage Design trademark by marketing and selling bellmans' carts substantially indistinguishable from or confusingly similar to Plaintiff's Birdcage Design cart, thereby deceiving the public and causing Plaintiff immediate and irreparable damage for which Plaintiff has no adequate remedy at law.

22.   As a direct and proximate result of Defendant's

4831-1463-5535.3

1  above-described acts of trademark infringement, Plaintiff has

2  suffered damages in an amount to be proven at trial in excess

3  $75,000.

4  <div align="center">**SECOND CLAIM FOR RELIEF**</div>

5  <div align="center">(False Designation of Origin)</div>

6  <div align="center">[15 U.S.C. § 1125(a)]</div>

7      23.  Plaintiff hereby realleges and incorporates by

8  reference the allegations contained in paragraphs 1 through 22

9  as though fully set forth herein.

10      24.  Defendant's activities complained of herein

11  constitute a false designation of origin and false description

12  likely to cause confusion, or to cause mistake, or to deceive as

13  to the affiliation, connection, or association of Defendant with

14  Plaintiff, in violation of 15 U.S.C. § 1125(a). Defendant has

15  entered into commerce with a trademark substantially

16  indistinguishable from or confusingly similar to that of

17  Plaintiff's trademark.

18      25.  Defendant's activities in soliciting business in

19  the hotel equipment industry under its substantially

20  indistinguishable or confusingly similar design for bellmans'

21  carts constitutes an attempt by Defendant to profit from

22  Plaintiff's reputation and goodwill from those likely to believe

23  that Defendant's goods have the same characteristics or

24  qualities of Plaintiff's goods.

25      26.  Plaintiff is informed and believes, and upon that

26  basis alleges, that Defendant's acts have been willful, wanton,

27  malicious and oppressive or committed with a reckless disregard

28

<div align="center">7</div>

4831-1463-5535.3

1  for the rights of Plaintiff. Plaintiff is therefore entitled to

2  recover trebled damages suffered by Plaintiff as a result of

3  Defendant's willful and deliberate acts, pursuant to 15 U.S.C.

4  1117(a).

5        27.  Plaintiff has no adequate remedy at law and

6  Defendant's unlawful conduct will continue to damage Plaintiff

7  unless immediately enjoined by this Court.

8                    **THIRD CLAIM FOR RELIEF**

9                      (Unfair Competition)

10                [Cal. Bus. & Prof. Code § 17203]

11       28.  Plaintiff hereby realleges and incorporates by

12  reference the allegations contained in paragraphs 1 through 27

13  as though fully set forth herein.

14       29.  Defendant's use of a design substantially

15  indistinguishable from or confusingly similar with Plaintiff's

16  Birdcage Design trademark shows that Defendant is trading on

17  Plaintiff's goodwill and is likely to cause confusion, or to

18  cause mistake, or to deceive and therefore to mislead retailers,

19  customers, lendors and the general public into believing that

20  Defendant's products are the same quality as Plaintiff's

21  bellmans' carts and are sponsored by or connected with

22  Plaintiff.

23       30.  Defendant's use of designs substantially

24  indistinguishable from or confusingly similar to Plaintiff's

25  Birdcage Design cart in connection with the manufacture,

26  distribution and sale of bellmans' carts is highly likely to

27  confuse and mislead customers, vendors and the general public

28

8

4831-1463-5535.3

1  upon whom Plaintiff is dependent for the success of its

2  business, therefore constitutes an unfair and fraudulent

3  business practice within the meaning of California Business and

4  Professions Code Sections 17200, *et seq.*

5      31.  As a result of Defendant's acts of unfair

6  competition, Defendant has unfairly acquired or retained in an

7  amount to be proven at trial, for which Plaintiff is entitled to

8  restitution.

9                    **FOURTH CLAIM FOR RELIEF**

10                      (False Advertising)

11              [Cal. Bus. & Prof. Code § 17500]

12      32.  Plaintiff hereby realleges and incorporates by

13  reference the allegations contained in paragraphs 1 through 31

14  as though fully set forth herein.

15      33.  Plaintiff is informed and believes, and upon that

16  basis alleges, that Defendant and/or its agents and

17  representatives are informing retailers, customers, vendors and

18  the general public that Defendant is prepared to offer

19  duplicates of Plaintiff's Birdcage Design trademark, in a manner

20  that is likely to mislead purchasers as to the origin of

21  confusingly similar bellmans' carts sold by Defendant.

22      34.  Defendant's conduct in this regard constitutes

23  false advertising within the meaning of California Business and

24  Professions Code Section 17500.

25      35.  Plaintiff has no adequate remedy at law and

26  Defendant's unlawful conduct will continue to damage Plaintiff

27  unless immediately enjoined by this Court.

28

9

4831-1463-5535.3

**FIFTH CLAIM FOR RELIEF**

(Infringement of Registered Trademark)

[Cal. Bus. & Prof. Code §§ 14320, 14335)

36.   Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 34 as though fully set forth herein.

37.   Defendant's marketing, advertising and sales of bellmans' carts that are substantially indistinguishable from or confusingly similar to Plaintiff's Birdcage Design cart, registered with the office of the Secretary of State for the State of California and under Title 15 of the United States Code, California Trademark Reg. No. 090,138, constitutes unlawful infringement of Plaintiff's registered Birdcage Design trademark within the meaning of California Business and Professions Code Sections 14320 and 14335(a).

38.   Plaintiff has no adequate remedy at law and Defendant's unlawful conduct will continue to damage Plaintiff unless immediately enjoined by this Court.

**SIXTH CLAIM FOR RELIEF**

(Trademark Dilution)

[Cal. Bus. & Prof. Code § 14330)

39.   Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 38 as though fully set forth herein.

40.   Defendant's sales of bellmans' carts that are substantially indistinguishable from or confusingly similar to Plaintiff's Birdcage Design cart are likely to cause confusion,

10

1  or to cause mistake, or to deceive retailers, customers, vendors

2  and the general public. These actions have diluted the

3  distinctive quality of Plaintiff's trademark and have caused

4  injury to Plaintiff's business reputation within the meaning of

5  California Business and Professions Code Section 14330.

6       41.  Plaintiff has no adequate remedy at law and

7  Defendant's unlawful conduct will continue to damage Plaintiff

8  unless enjoined by this Court.

9  <center>**SEVENTH CLAIM FOR RELIEF**</center>

10  <center>(Intentional Interference with Existing and</center>

11  <center>Prospective Business Relations)</center>

12       42.  Plaintiff hereby realleges and incorporates by

13  reference the allegations contained in paragraphs 1 through 41

14  as though fully set forth herein.

15       43.  Plaintiff has had, and continues to have,

16  existing and prospective business relations with retailers,

17  customers, vendors and other individuals in the hotel equipment

18  industry. Plaintiff has, and has had, a reasonable expectation

19  of economic advantage from these relations through Plaintiff's

20  previous experience and contacts in these areas, in that

21  Plaintiff has prospered in the hotel equipment industry in the

22  United States since approximately 1985.

23       44.  Plaintiff is informed and believes, and upon that

24  basis alleges, that Defendant is, and at all times relevant

25  herein was, aware of Plaintiff's existing and prospective

26  business relations with such individuals and entities in the

27  hotel equipment industry, as well as Plaintiff's reasonable

28

<center>11</center>

4831-1463-5535.3

expectation of economic advantage flowing from such relations.

45.  Plaintiff is informed and believes, and upon that basis alleges, that Defendant has engaged in the wrongful conduct alleged herein with the intent that such conduct would disrupt or prevent business relations between Plaintiff and other individuals and entities in the hotel equipment industry, thereby injuring Plaintiff's business.

46.  Among other acts, Defendant knowingly, willfully and without justification began manufacturing, selling and offering for sale bellmans' carts that are substantially indistinguishable from those manufactured and sold by Plaintiff in accordance with Plaintiff's Birdcage Design trademark.

47.  Plaintiff is informed and believes, and upon that basis alleges, that Defendant has knowingly, willfully and without justification, copied Plaintiff's Birdcage Design trademark with the intent to confuse or deceive the consuming public by selling bellmans' carts bearing designs substantially indistinguishable from or confusingly similar to Plaintiff's trademark.

48.  Such actions were intended to, and did, in fact, damage Plaintiff's relationships with individuals and entities in the hotel equipment industry. Defendant's conduct, as complained of herein, is wrongful, unlawful, and unjustified.

49.  Defendant's conduct has actually interfered with, and continues to interfere with, the existing and prospective business relationships between Plaintiff and other individuals and entities in the hotel equipment industry. But for

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES FOR FEDERAL TRADEMARK INFRINGEMENT, FALSE DESIG.
OF ORIGIN, UNFAIR COMPETITION, FALSE ADVERTISING, INFRIN. OF REGISTERED TM, TRADEMARK DILUTION, ETC.
CV

4831-1463-5535.3

Defendant's wrongful and unjustified interference, it is probable that Plaintiff would have received its expected economic advantage.

50. As a proximate result of Defendant's wrongful and unjustified conduct, Plaintiff has been damaged in an amount to be proven at trial in excess $75,000.

51. Defendant's acts, as complained of herein, were willful, wanton, malicious and oppressive, and were committed with a reckless disregard of Plaintiff's rights, and Plaintiff is therefore entitled to an award of exemplary and punitive damages.

## EIGHTH CLAIM FOR RELIEF

(Common Law Trademark Infringement and Unfair Competition)

52. Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 41 as though fully set forth herein.

53. Defendant's activities, as alleged above, constitute unfair methods of competition, common law trademark infringement, misappropriation of Plaintiff's goodwill in California and other states where Defendant's goods and services are being offered and/or advertised, including this district, and are a violation of the common law of California.

54. As a result of Defendant's deceptive acts and practices, and the resulting consumer confusion, Plaintiff has suffered and will continue to suffer irreparable injury to its business reputation and goodwill.

13

4831-1463-5535.3

WHEREFORE, Plaintiff The Winsford Corporation prays judgment on its Complaint as follows:

### AS TO THE FIRST CLAIM FOR RELIEF

1.   For an order entering judgment that Defendant has infringed Plaintiff's exclusive rights in the Birdcage Design trademark under Section 32 of the Federal Trademark Act, 15 U.S.C. § 1114;

2.   For an order preliminarily and permanently enjoining Defendant, its agents and representatives, and all persons acting in concert or participation with them, from using the Sphere Design, the Diamond Design, and/or any substantially indistinguishable or confusingly similar design or other colorable imitation of Plaintiff's Birdcage Design trademark, in connection with the manufacture, distribution or sale of bellmans' carts or other related equipment nationwide;

3.   For an order from the Court requiring that Defendant and all those in privity with it turn over to Plaintiff any goods and/or materials in Defendant's possession or control comprising or bearing the Birdcage Design or any mark substantially indistinguishable therefrom or confusingly similar thereto, or an order that all such goods and/or materials be destroyed, pursuant to 15 U.S.C. § 1118.

4.   For compensatory damages exceeding $500,000, according to proof at trial and interest thereon;

5.   For punitive and exemplary damages in the form of trebled damages and reasonable attorneys' fees; and

6.   For statutory damages in the amount of

14

1  $2,000,000.00 pursuant to 15 U.S.C. § 1117(c)(2).

2  <center>**AS TO THE SECOND CLAIM FOR RELIEF**</center>

3  7.   For an order entering judgment that Defendant has

4  infringed Plaintiff's exclusive rights in the Birdcage Design

5  trademark under Section 43 of the Federal Trademark Act,

6  15 U.S.C. § 1125;

7  8.   For an order preliminarily and permanently

8  enjoining Defendant, its agents and representatives, and all

9  persons acting in concert or participation with them, from using

10 the Sphere Design, the Diamond Design, and/or any substantially

11 indistinguishable or confusingly similar design or other

12 colorable imitation of Plaintiff's Birdcage Design trademark, in

13 connection with the manufacture, distribution or sale of

14 bellmans' carts or other related equipment nationwide;

15 9.   For an order from the Court requiring that

16 Defendant and all those in privity with it turn over to

17 Plaintiff any goods and/or materials in Defendant's possession

18 or control comprising or bearing the Birdcage Design or any mark

19 substantially indistinguishable therefrom or confusingly similar

20 thereto, or an order that all such goods and/or materials be

21 destroyed, pursuant to 15 U.S.C. § 1118.

22 10.   For compensatory damages exceeding $500,000,

23 according to proof at trial and interest thereon; and

24 11.   For punitive and exemplary damages in the form of

25 trebled damages and reasonable attorneys' fees.

26 <center>**AS TO THE THIRD CLAIM FOR RELIEF**</center>

27 12.   For an order preliminarily and permanently

28

<center>15</center>

4831-1463-5535.3

1    enjoining Defendant, its agents and representatives, and all

2    persons acting in concert or participation with them, from using

3    the Sphere Design, the Diamond Design, and/or any substantially

4    indistinguishable or confusingly similar design or other

5    colorable imitation of Plaintiff's Birdcage Design trademark, in

6    connection with the manufacture, distribution or sale of

7    bellmans' carts or other related equipment nationwide;

8        13.   For an order from the Court requiring that

9    Defendant and all those in privity with it turn over to

10   Plaintiff any goods and/or materials in Defendant's possession

11   or control comprising or bearing the Sphere Design, the Diamond

12   Design, the Birdcage Design, and/or any other mark substantially

13   indistinguishable therefrom or confusingly similar thereto, or

14   an order that all such goods and/or materials be destroyed,

15   pursuant to Cal. Bus. & Prof. Code § 17203.

16       14.   For compensatory damages exceeding $500,000,

17   according to proof at trial and interest thereon; and

18       15.   For punitive and exemplary damages in the form of

19   trebled damages and reasonable attorneys' fees.

20                **AS TO THE FOURTH CLAIM FOR RELIEF**

21       16.   For an order preliminarily and permanently

22   enjoining Defendant, its agents and representatives, and all

23   persons acting in concert or participation with them, from using

24   the Sphere Design, the Diamond Design, and/or any substantially

25   indistinguishable or confusingly similar design or other

26   colorable imitation of Plaintiff's Birdcage Design trademark, in

27   connection with the manufacture, distribution or sale of

28

16

4831-1463-5535.3

bellmans' carts or other related equipment nationwide;

17.  For compensatory damages exceeding $500,000, according to proof at trial and interest thereon; and

18.  For punitive and exemplary damages in the form of trebled damages and reasonable attorneys' fees.

### AS TO THE FIFTH CLAIM FOR RELIEF

19.  For an order entering judgment that Defendant has infringed Plaintiff's exclusive rights in the Birdcage Design trademark under Section 14320 and 14335 of the California Business and Professions Code;

20.  For an order preliminarily and permanently enjoining Defendant, its agents and representatives, and all persons acting in concert or participation with them, from using the Sphere Design, the Diamond Design, and/or any substantially indistinguishable or confusingly similar design or other colorable imitation of Plaintiff's Birdcage Design trademark, in connection with the manufacture, distribution or sale of bellmans' carts or other related equipment nationwide;

21.  For compensatory damages exceeding $500,000, according to proof at trial and interest thereon; and

22.  For punitive and exemplary damages in the form of trebled damages and reasonable attorneys' fees.

### AS TO THE SIXTH CLAIM FOR RELIEF

23.  For an order entering judgment that Defendant has infringed Plaintiff's exclusive rights in the Birdcage Design trademark under Section 14330 of the California Business and Professions Code;

17

4831-1463-5535.3

24.  For an order preliminarily and permanently enjoining Defendant, its agents and representatives, and all persons acting in concert or participation with them, from using the Sphere Design, the Diamond Design, and/or any substantially indistinguishable or confusingly similar design or other colorable imitation of Plaintiff's Birdcage Design trademark, in connection with the manufacture, distribution or sale of bellmans' carts or other related equipment nationwide;

25.  For compensatory damages exceeding $500,000, according to proof at trial and interest thereon; and

26.  For punitive and exemplary damages in the form of trebled damages and reasonable attorneys' fees.

**AS TO THE SEVENTH CLAIM FOR RELIEF**

27.  For an order entering judgment that Defendant has intentionally interfered with Plaintiff's existing and prospective business relations under the common law;

28.  For compensatory damages exceeding $500,000, according to proof at trial and interest thereon; and

29.  For punitive and exemplary damages.

**AS TO THE EIGHTH CLAIM FOR RELIEF**

30.  For an order entering judgment that Defendant has infringed Plaintiff's exclusive rights in the Birdcage Design trademark under the common law;

31.  For an order preliminarily and permanently enjoining Defendant, its agents and representatives, and all persons acting in concert or participation with them, from using the Sphere Design, the Diamond Design, and/or any substantially

18

4831-1463-5535.3

1  indistinguishable or confusingly similar design or other

2  colorable imitation of Plaintiff's Birdcage Design trademark, in

3  connection with the manufacture, distribution or sale of

4  bellmans' carts or other related equipment nationwide;

5       32.  For compensatory damages exceeding $500,000,

6  according to proof at trial and interest thereon; and

7       33.  For punitive and exemplary damages.

8                **AS TO ALL CLAIMS FOR RELIEF**

9       34.  For costs of suit incurred herein; and

10      35.  For such other and further relief as this Court

11 deems just and proper.

Dated:  April 17, 2012          **FOLEY & LARDNER LLP**
13                              M. JOHN CARSON

                                By:  _____
16                                   M. JOHN CARSON
17                                   Attorneys for Plaintiff THE
                                     WINSFORD CORPORATION

19

4831-1463-5535.3

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b),
Plaintiff The Winsford Corporation hereby demands trial by jury
of all issues so triable that are raised herein or which
hereinafter may be raised in this action.


Dated:  April 17, 2012          FOLEY & LARDNER LLP
                                M. JOHN CARSON



                        By:   _____
                                M. JOHN CARSON
                                Attorneys for Plaintiff
                                THE WINSFORD CORPORATION

4831-1463-5535.3

Int. Cl.: 12

Prior U.S. Cl.: 19

## United States Patent and Trademark Office

Reg. No. 1,682,820
Registered Apr. 14, 1992

## TRADEMARK
### PRINCIPAL REGISTER



WINSFORD CORPORATION (CALIFORNIA CORPORATION)
1800 CENTURY PARK EAST, SUITE 820
LOS ANGELES, CA 90067

FOR: LUGGAGE CARTS, IN CLASS 12 (U.S. CL. 19).
FIRST USE 9-0-1983; IN COMMERCE 9-0-1983.

THE STIPPLING ON THE DRAWING IS FOR SHADING PURPOSES ONLY.

SEC. 2(F).

SER. NO. 73-794,945, FILED 4-20-1989.

ELLEN A. RUBEL, EXAMINING ATTORNEY

# State of California
## Secretary of State

### CERTIFICATE OF RENEWAL OF TRADEMARK

*I, DEBRA BOWEN*, Secretary of State of the State of California, hereby certify

| | |
|---|---|
| Trademark Reg. No.: | 90138 |
| Renewal No.: | 18946 |
| Name of Registrant: | Forbes Industries, Inc., a division of Winsford Corporation |
| Business Address: | 1933 East Locust Street, Ontario, Ca 91761 |
| State of Incorporation/ Organization: | California |
| Date First Used in California: | January 1985 |
| Date First Used Anywhere: | January 1985 |
| Description of Trademark: | Cage design. Design of birdcage consisting of two intersecting half-circles on an angled slant |
| Description of Goods on which the Trademark is Used: | Luggage carts |
| Class Number(s): | 18 |
| Date of Registration: | July 26, 1989 |
| Term of Registration Extends to and Includes: | July 26, 2014 |

In accordance with the application for renewal filed in this office, the Trademark described above has been duly renewed.

IN WITNESS WHEREOF, I execute this certificate and affix the Great Seal of the State of California this 1st day of April 2009



**DEBRA BOWEN**
**Secretary of State**

*NP 25 (REV 1/2007)*

A COPY, SPECIMEN, FACSIMILE, COUNTERPART OR
REPRODUCTION OF TRADEMARK REG. NO. 090136







# Bellman Carts



| |
|---|
| Easy Mover / Chrome Series |
| Easy Mover / Black Series |
| Easy Mover / Brasstone Series |
| Easy Mover / Stainless Steel Series |
| Heavy Duty / 26 Stainless Bellman's Cart |
| Heavy Duty / 26 Gold Bellman's Cart |
| Heavy Duty / 25 Stainless Bellman's Cart |
| Heavy Duty / 25 Gold Bellman's Cart |
| Deluxe Heavy Duty 2" Tube / Sphere Style |
| Deluxe Heavy Duty 2" Tube / Diamond Style |
| Deluxe Heavy Duty 2" Tube / Trident Style |
| Economy Bellman's Cart |
| Bellman's Hand Truck |
| Bellman's Hand Truck Deluxe |
| General Purpose Utility Cart |

Home
Contact
Products

**Foodservice**

Youth Seating

Tray Stands

**Foodservice & Hospitality**

Coat & Wall Racks

Crowd Control Systems

Baby Changing Stations

**Hospitality**

Luggage Racks

Bellman Carts

Hamper Stands

◄    ►

**Carpet Color Options**



Red      Gray

**Download Bellman Carts PDF Catalog**
**Download Price List**

### Deluxe Heavy Duty 2" Tube / Sphere Style
Catalog Number: 3333, 3399
Call To Order: 800.873.4370

Phone: 815.459.6000 | Fax: 815.459.6562 | 220 D Exchange Drive, Crystal Lake, Illinois 60014          © 2012 Central Specialties Ltd.





# Bellman Carts

Easy Mover / Chrome Series

Easy Mover / Black Series

Easy Mover / Brasstone Series

Easy Mover / Stainless Steel Series

Heavy Duty / 26 Stainless Bellman's Cart

Heavy Duty / 26 Gold Bellman's Cart

Heavy Duty / 25 Stainless Bellman's Cart

Heavy Duty / 25 Gold Bellman's Cart

Deluxe Heavy Duty 2" Tube / Sphere Style

Deluxe Heavy Duty 2" Tube / Diamond Style

Deluxe Heavy Duty 2" Tube / Trident Style

Economy Bellman's Cart

Bellman's Hand Truck

Bellman's Hand Truck Deluxe

General Purpose Utility Cart

Home

Contact

Products

**Foodservice**

Youth Seating

Tray Stands

**Foodservice & Hospitality**

Coat & Wall Racks

Crowd Control Systems

Baby Changing Stations

**Hospitality**

Luggage Racks

Bellman Carts

Hamper Stands

**Download Bellman Carts PDF Catalog**

**Download Price List**

### Deluxe Heavy Duty 2" Tube / Diamond Style

Catalog Number: 3433, 3499

Call To Order: 800.873.4370



  ▶

**Carpet Color Options**

Red     Gray

Phone: 815.459.6000 | Fax: 815.459.6562 | 220 D Exchange Drive, Crystal Lake, Illinois 60014

© 2012 Central Specialties Ltd.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA


### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY


This case has been assigned to District Judge Ronald S. W. Lew and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

## CV12- 3343 RSWL (PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.



All discovery related motions should be noticed on the calendar of the Magistrate Judge


========================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |


Failure to file at the proper location will result in your documents being returned to you.

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
CENTRAL DISTRICT OF CALIFORNIA

THE WINSFORD CORPORATION )
_____ )    CV12-03343RSWL (PJWx)
_Plaintiff_ )
)
v. )    Civil Action No.
)
CENTRAL SPECIALTIES LTD )
_____ )
_Defendant_ )

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_
Central Specialties LTD
220 D Exchange Drive
Crystal Lake, IL 60014


A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
M. John Carson
Foley & Lardner LLP
555 South Flower Street, Suite 3500
Los Angeles, CA 900701-2411
Tel: 213.972.4500  Fax: 213.486.0065

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.


_CLERK OF COURT_

**JULIE PRADO**

Date: April 17, 2012 _____     _____
_Signature of Clerk or Deputy Clerk_

SEAL


American LegalNet, Inc.
www.FormsWorkFlow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
THE WINSFORD CORPORATION

**DEFENDANTS**
CENTRAL SPECIALTIES LTD

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
M. John Carson CA Bar No. 25090
Foley & Lardner LLP
555 South Flower Street, Suite 3500
Los Angeles, CA 90071-2411
Tel: 213.972.4500  Fax: 213.486.0065

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No          ☒ MONEY DEMANDED IN COMPLAINT: $ 2,500,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 USC Section 1114, 15 USC Section 11225(a)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending |  | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | **IMMIGRATION** | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities – Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 465 Other Immigration Actions | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV12-03343

**FOR OFFICE USE ONLY:**     Case Number:

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                          CIVIL COVER SHEET                          Page 1 of 2
08-1487.1

COPY



American LegalNet, Inc.
www.FormsWorkflow.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☐ No ☒ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☒ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Illinois |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date April 17, 2012

M. John Carson, Attorneys for Plaintiff THE WINSFORD CORPORATION

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

American LegalNet, Inc.
www.FormsWorkflow.com